FILED

11/22/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0800

DA 15-0800

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 304N

IN THE MATTER OF THE ESTATE OF

WILLIAM A. BROCK,

        Deceased.

-------------------------------------------

CHRISTINE TREXLER,

        Appellant,

    v.

JESSICA A. VERNON,

        Appellee and Cross-Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
                     In and For the County of Park, Cause No. DP 14-16
                     Honorable Brenda Gilbert, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Christine Trexler, self-represented, Wilmington, Delaware

        For Appellee:

                Ralph W. Steele, Ralph W. Steele, P.C., Bozeman, Montana

                        Submitted on Briefs:  November 16, 2016

                                  Decided:  November 22, 2016

Filed:

                                 Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In this appeal, made pursuant to M. R. App. P. 6(4), from an order entered in an estate matter, Appellant Christine Trexler challenges that portion of the order entered by the District Court on November 24, 2015, which removed her as a Co-Personal Representative of the Estate of William A. Brock, and ordered Co-Personal Representative Jessica A. Vernon, Appellee, to continue as the sole Personal Representative of the Estate. Vernon cross-appeals the District Court's determination not to grant her attorney fees in this matter. Trexler, who resides in Maryland, and Vernon, who resides in Delaware, are sisters, and William A. Brock was their father.

¶3 Mr. Brock passed away on March 25, 2014. He owned a residence in Gardiner, Montana, where he was domiciled, which is the only remaining asset of his estate of substantial value. When their initial efforts found no will or testamentary instrument of Mr. Brock, Vernon and Trexler petitioned and were appointed Co-Personal Representatives in intestacy for their father's estate on April 2, 2014. Later, a will of Mr. Brock's was discovered that named the sisters as Co-Personal Representatives of his estate. The will was filed with the court a year later, on April 21, 2015. It does not

2

appear that a petition for probate of the will has been filed, as the matter quickly devolved into litigation over who should continue as personal representative, with Vernon seeking removal of both herself and Trexler in favor of appointment of Mr. Brock's brother, an attorney, citing a breakdown in communications between the sisters and accusations about the handling of the will. Trexler objected to this petition, and a hearing was conducted on April 21, 2015. During the hearing, the parties decided to enter a stipulation whereby the sisters would continue to serve as Co-Personal Representatives "for purposes of completing the informal probate process," presumably meaning informal probate of Mr. Brock's will.

¶4 However, processing of estate matters did not improve after the settlement of the administrative dispute by way of the stipulation. A two month delay was occasioned by continued discussions and the effort to secure Trexler's signature on the stipulation, which was eventually filed with the court on June 29, 2015. Other disputes and delays occurred, some related to problems associated with preparing the property for sale, leading to Vernon's petition for removal of Trexler in September 2015, which was heard by the District Court on November 4, 2015.

¶5 The District Court entered a written order on November 24, 2015, but entered most of its findings of fact verbally at the conclusion of the hearing, which it incorporated in its written order. Stating that "it appears to the Court that the problems with communication have been overwhelmingly on the part of Ms. Trexler failing to respond, failing to sign documents, or respond with her objections to them," the Court concluded

3

that termination of Trexler's appointment as Co-Personal Representative was in the best interests of the Estate, and that cause for removal under § 72-3-526, MCA, had been established. The Court also granted the request for enforcement of the stipulation and that the listing and sale of the subject property would "proceed forward" with Vernon as sole Personal Representative.

¶6 Trexler dissects the District Court's findings to offer her explanation for delays, which she argues were largely out of her control, and discusses at length the problems associated with properly preparing the property for sale. Trexler contends that cause for removal under § 72-3-526(1), MCA, and *In re Estate of Hannum*, 2012 MT 171, 366 Mont. 1, 285 P.3d 463, was not demonstrated because there were legitimate reasons for any delays and that her efforts have not harmed the Estate or breached a fiduciary duty.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. The District Court's findings of fact regarding Trexler's actions are supported by substantial evidence. The case presents a question controlled by settled law or by the clear application of applicable standards of review. There was good cause for removal, and it was in the best interest of the Estate, as the ineffectual administration was harmful to the Estate.

¶8 Regarding Vernon's cross appeal, the District Court reserved ruling on the issue of attorney fees "until a later time or upon conclusion of the Estate." Thus, we decline to review the fee matter at this time, and the issue is preserved for further review by the District Court.

¶9     An order pending appeal was entered by the District Court pursuant to M. R. Civ. P. 62.1 on November 14, 2016, regarding approval of the sale of the property now scheduled for December 8, 2016.  Because we are disposing of the appeal by this opinion, we need not remand the matter solely for that purpose, but return the entire matter to the District Court.

¶10    Affirmed and remanded to the District Court for further proceedings.


/S/ JIM RICE


We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA